

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-19-2005

# Montgomery v. Ray

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4248

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Montgomery v. Ray" (2005). *2005 Decisions.* Paper 677.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/677

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4248
_____

JAREME MONTGOMERY,

Appellant

v.

M. E. RAY, REGIONAL DIRECTOR; JOSEPH SMITH WARDEN; A.
MARTINEZ, H.S.A.; GARY REYNOLDS, M.D.; P. NUYGEN
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civ. No. 02-CV-08374)
District Judge: Honorable Charles R. Weiner
_____

Submitted Under Third Circuit LAR 34.1(a)
APRIL 20, 2005

Before:    ROTH, MCKEE AND ALDISERT, <u>Circuit Judges</u>.

(Filed August 19, 2005)

_____

OPINION
_____

PER CURIAM

Jamere[1] Montgomery appeals from an order of the United States District Court for

the Eastern District of Pennsylvania, which granted defendants' motion for summary

judgment and denied Montgomery's motion for summary judgment. Montgomery's

complaint raised two claims. His first claim was that prison officials denied him adequate

medical care as a pretrial detainee at the Federal Detention Center (FDC) in Philadelphia.

Montgomery's second claim was that he was retaliated against for complaining about his

medical care when he was sanctioned with 365 days loss of phone privileges for "Use of

the Phone for Abuses other than Criminal Activity, Code 397," after he failed to sign up

before using the telephone. We will vacate the decision and remand for further

proceedings.[2]

I.

The District Court correctly noted that a claim involving inadequate medical

treatment of a federal pretrial detainee is analyzed pursuant to the Due Process Clause of

the Fifth Amendment. However, the Court, citing <u>Natale v. Camden County Correctional</u>

_____

[1] Our caption and that of the District Court list Appellant's name as "Jareme." As his brief is signed "Jamere," we will use that spelling in our opinion.

[2] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review of an order granting a motion for summary judgment. <u>Gallo v. City of Philadelphia</u>, 161 F.3d 217, 221 (3d Cir. 1998). A grant of summary judgment will be affirmed if our review reveals that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). We review the facts in a light most favorable to the party against whom summary judgment was entered. <u>See</u> <u>Coolspring Stone Supply, Inc. v. Am. States Life Ins. Co.</u>, 10 F.3d 144, 146 (3d Cir. 1993).

Facility, 318 F.3d 575, 581 (3d Cir. 2003), then improperly concluded that "claims for inadequate medical care are evaluated under *the same* standards as Eighth Amendment claims." District Court Opinion at 10. In Hubbard v. Taylor, 399 F.3d 150, 165-67 (3d Cir. 2005), we recently clarified that the Eighth Amendment only acts as a floor for due process inquiries into medical and non-medical conditions of pretrial detainees. While "the due process rights of a [pre-trial detainee] are *at least* as great as the Eighth Amendment protections available to a convicted prisoner," Hubbard, 399 F.3d at 166 (citation omitted), the proper standard for examining such claims is the standard set forth in Bell v. Wolfish, 441 U.S. 520 (1979); i.e., whether the conditions of confinement (or here, inadequate medical treatment) amounted to punishment prior to an adjudication of guilt, Hubbard, 399 F.3d at 158. Because the District Court did not have the benefit of our analysis in Hubbard, we will vacate the Court's order and remand for analysis of Montgomery's claim under the proper standard.[3]

## II.

Montgomery's second claim involved an allegation that he was retaliated against for contacting the court to complain about his medical treatment and for pursuing administrative remedies with regards to his medical treatment. As noted above, Montgomery was sanctioned with 365 days loss of telephone privileges for using the telephone when he had not signed up to do so. The Discipline Hearing Officer (DHO)

---

[3] We express no opinion as to the merits of Montgomery's claim.

found that he had committed the offense of "Use of the Telephone for Abuses other than Criminal Activity, Code 397." Montgomery alleges that the sanction was arbitrary and capricious, and was done in retaliation for his exercise of his constitutional rights. The District Court denied relief, finding that Montgomery had "come forward with no evidence demonstrating an adverse action resulting from the sanction." D. Ct. Op. at 14.[4]

In order to make out a claim for relief for a retaliation claim, a prisoner must first establish that he engaged in constitutionally-protected activity. Rauser v. Horn, 241 F.3d 330, 332 (3d Cir. 2001). Second, he must establish that he suffered some adverse action at the hands of prison officials. Id. The adverse action must be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." Allah v. Seiverling, 229 F.3d 220, 225 (3d Cir. 2000). Next, the prisoner must demonstrate a causal connection between the constitutionally-protected activity and the adverse action. Rauser, 241 F.3d at 333. The prisoner bears the initial burden of showing that his constitutionally-protected activity was a substantial or motivating factor for the adverse

---

[4] We note that the District Court found, alternatively, that Montgomery had failed to exhaust his administrative remedies as to the retaliation claim. The Court properly noted that exhaustion is an affirmative defense which can be waived if not properly preserved by the defendants. Ray v. Kertes, 285 F.3d 287 (3d Cir. 2002). The District Court noted that the defendants had "arguably raised the exhaustion of the First Amendment claim when they included in their appendix the Declaration of Maria de los A. Perales" who averred that the FDC records showed Montgomery had not exhausted the claim. We do not agree. Defendants did not mention the defense in their motion to dismiss nor in their memorandum of law in support. The appended affidavit, without more, was insufficient to raise the defense. Thus, on remand, the District Court should consider the merits of the claim.

4

action; then the burden shifts to the defendant to show that it would have taken the same disciplinary action absent the constitutionally-protected activity. Id.

Here, there is no dispute that Montgomery had a right to access the courts to complain about his medical treatment. The District Court, however, found that Montgomery had failed to show any adverse action. We disagree. First, we do not agree that the telephone sanction had no adverse effect on his ability to contact an attorney. Although the prison made three unsuccessful attempts to contact attorneys on Montgomery's behalf, if Montgomery had been able to make phone calls personally, he might have been more persistent and might have been able to make contact with an attorney. The fact that he was able to file the instant lawsuit has no bearing on whether he was able to contact a criminal defense attorney for his pretrial preparation.

Further, even if the sanction had only included phone calls to family and had nothing to do with Montgomery's access to his attorneys, we find that such a sanction would be "sufficient to deter a person of ordinary firmness from exercising his First Amendment rights." A person of ordinary firmness would think twice about performing an action if he knew it would result in his being denied the opportunity to telephone his family for a full year.

On remand, the District Court must consider whether Montgomery can prove causation. Assuming arguendo that Montgomery can show that his complaints about medical care were a substantial or motivating factor in the decision to sanction him, it is

not clear that appellees will be able to show that they "would have made the same decision absent the protected conduct for reasons reasonably related to a legitimate penological interest." Rauser, 241 F.3d at 334. First, it is not clear that Montgomery was properly found guilty of the offense charged. Although Montgomery admitted to using the telephone without first signing up, it is not clear that a prisoner would have notice that using the telephone without signing up constituted "use of the telephone for abuses other than criminal activity." A telephone policy posted in the FDC stated, "Inmates are not permitted to use the telephone if they are not signed up for that time slot." Supp. App. at 160. The policy also stated, "Telephone usage is a privilege. Any abuse of the telephone will result in this privilege being limited or denied." Id. Offense number 397, "Use of the telephone for abuses other than criminal activity," lists as offense examples "conference calling, possession and/or use of another inmate's PIN number, three-way calling, providing false information for preparation of a telephone list." 28 C.F.R. § 541.13. These examples are not obviously analogous to using a telephone without signing up. However, even if Offense number 397 was a proper charge, we note that the Unit Disciplinary Committee recommended a 60-day loss of telephone privileges. Supp. App. at 156. Instead, Montgomery was sanctioned with loss of telephone privileges for a time period over six times longer. A jury could conclude that the length of the sanction shows vindictiveness or retaliation. This is especially true in light of regulations providing that "Staff shall allow the pretrial inmate, upon the inmate's request, to

6

telephone the inmate's attorney as often as resources of the institution allow." 28 C.F.R. § 551.117(c). We will therefore remand this claim as well for reconsideration by the District Court.

For the foregoing reasons, we will vacate the judgment of the District Court and remand for further proceedings.